IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Danielle Allen | : |
| 548 Chestnut Street | : |
| Pottstown, PA 19464 | : CIVIL ACTION NO.:  2:25-cv-5684 |
| Plaintiff | : |
| vs. | : |
| Amazon.com, Inc.  a/d/b/a  Amazon | |
| 410 Terry Avenue North | |
| Seattle, WA  98109-5210        and | : |
| | : |
| Shenzhen Korniful S&T Co. Ltd. d/b/a Korniful | |
| Rm 305-3102,3F,Bldg 5, | : |
| No.3 Fulishi Road, Silian, | |
| Henggang St, Longgang District, | : |
| Shenzhen | |
| People's Republic of China, 518100 | : |
| Defendants | : |

CIVIL ACTION - COMPLAINT

Plaintiff Danielle Allen brings this action against Defendants Amazon.com, Inc. a/d/b/a Amazon

and Shenzhen Korniful S&T Co. Ltd. d/b/a Korniful for strict liability, negligence, as follows:

JURISDICTION AND VENUE

1.  Jurisdiction exists in this action under diversity of citizenship, 28 U.S.C. §1332, as the

matter in controversy exceeds One Hundred and Fifty-Thousand Dollars ($150,000), exclusive

of interest and costs and as Plaintiff is a citizen of a state different from Defendants.

2. Venue is appropriate in this Judicial District via 28 U.S.C. §1391 because substantial,

material events, acts/omissions/commissions, including the Incident, occurred in this District.

THE PARTIES

3. Plaintiff Danielle Allen (hereinafter sometimes  "Plaintiff") is an adult individual

residing at 548 Chestnut Street, Pottstown, Pennsylvania 19464.

4. Defendant Amazon.com, Inc., a/d/b/a Amazon, ("Defendant Amazon") is a Delaware Corporation with corporate headquarters at 410 Terry Avenue North, Seattle, WA 98109-5210.

5. At all times relevant, Defendant Amazon was in the business of designing, assembling, distributing, advertising, warranting, sponsoring, selling portable firepit products including Korniful Portable Tabletop Firepits for use with liquid Isopropyl Alcohol as fuel ("the Product").

6. Defendant Shenzhen Korniful S&T Co. Ltd. doing business as Korniful (hereinafter sometimes "Defendant Korniful" or collective "Defendants") is People's Republic of China Company with principal place of business at Rm 305-3102,3F,Bldg 5, No.3,Fulishi Rd, Silian, Henggang St, Longgang District, Shenzhen, People's Republic of China, 518100

7. At all times relevant, Defendant Korniful was in the business of manufacturing, sponsoring, selling and/or distributing portable firepit products including the Product.

8. Defendants solicit and transact business and/or enter into contracts with residents and/or business entities in Pennsylvania for the sale of their products and/or services.

9. Defendants, pursuant to said solicitations, business transactions and/or contracts in Pennsylvania, regularly transact sales, work, and/or services in Pennsylvania.

10. Defendants transact business within Pennsylvania as defined in 42 Pa.C.S. §5322.

THE FACTS

11. At all times relevant hereto, Defendants, acting independently or together and/or as the agents, servants and employees of each other, manufactured, designed, assembled, advertised, distributed, sponsored, warranted, sold and/or retailed Korniful Portable Tabletop Firepit Products calling for use of liquid Isopropyl Alcohol as fuel.

12. Defendants designed, manufactured, warranted, distributed, sold the Product for open flame burning, consisting of a base, open fuel reservoir (burn cup), instruct the user to use liquid isopropyl alcohol as fuel, which Defendants marketed and sold for indoor and outdoor use.

13. Defendants did, in fact, enter into a contract with, and/or place into the stream of commerce, and/or sell, Plaintiff a Korniful Portable Tabletop Firepit ("Incident Product").

14. The Incident Product purchased by Plaintiff was designed, manufactured, assembled, sponsored, advertised, warranted, distributed, and/or sold by Defendants.

15. The Incident Product purchased by Plaintiff was warranted and sold to her by Defendant Amazon on or about July 25, 2023.

16. Defendants expected Korniful Portable Tabletop Firepit Products, including the Incident Product sold to Plaintiff, to reach the user in the condition in which it was sold.

17. On May 3, 2025, while Plaintiff Danielle Allen was engaged in the foreseeable, normal use of the Incident Product, that is, she was refueling said Product with 70% Isopropyl Alcohol called for by Defendants, when suddenly, without warning, the Incident Product exploded, malfunctioned and/or failed whereby flames jetted outward onto Plaintiff, engulfing her body in flames, resulting in severe and permanent injuries, including third-degree and second-degree burns, scarring, and disfigurement as set forth hereinafter (the "Incident").

18. Plaintiff witnessed herself on fire and pieces of her flesh come off her body.

19. The Incident Product was given only normal, expected, reasonable, foreseeable, and anticipated usage prior to, and as of the time of, the May 3, 2025 injury to Plaintiff.

20. At the time of Incident, the Incident Product was in substantially the same condition as it was when Defendants designed it and/or put it into the stream-of-commerce.

21.  Prior to May 3,2025, Defendants knew or should have known the Product was dangerous and possessed a hidden flame jetting hazard defect to users during fueling/refueling.

22. At time of manufacture, distribution, and sale, Defendants knew or should have known the Incident Product posed imminent unreasonable danger to human health or safety due to its unreasonable risk of flame jetting hazard when a container of pourable isopropyl alcohol-based fuel is used to refuel said Product. See, https://www.cpsc.gov/Warnings/2025/Consumer-Alert-Stop-Using-Alcohol-or-Other-Liquid-Burning-Fire-Pits-That-Violate-Voluntary-Standards-and-Present-Flame-Jetting-and-Fire-Hazards-Two-Deaths-and-Dozens-of-Serious-Burn-Injuries-Reported; See also, https://www.retailcouncil.org/firepots-health-canada-notice/; https://omfpoa.com/firepot-follow-up-notice-from-health-canada/;

23. Defendants, at all times pertinent, regularly transacted business in Canada,  and distributed, warranted, and sold the Product in Canada.

24. At time of manufacture, distribution, and sale to consumers:  Defendants knew/should have known the Product constituted unreasonable hazard during normal or foreseeable use which may reasonably be expected to cause death and/or serious injury to users.

25 At time of manufacture, distribution and sale, Defendants knew or should have known that the Incident Product sold to Plaintiff constituted a severe hazard with a high risk of injury to users whereby Defendants knew or should of known that flame jetting during said Product, and/or substantially similar firepit products', refueling has caused deaths and severe burn injuries to users and bystanders during isopropyl alcohol refueling, and that the risk level associated with flame jetting for the Product is high during refueling with pourable isopropyl alcohol; and

26 At time of manufacture, distribution and sale of the Product to Plaintiff, Defendants knew or should have known that:  the flame jetting hazard during refueling is not known by the

general public; isopropyl alcohol flames are difficult to see, especially when the fuel is getting low, and alcohol vapors are invisible, which makes this a hidden hazard; and why flame jetting occurs and how to avoid the hazard is not known/obvious to users.

27. Flame jetting, and the burden/risk of such hidden hazard, is unacceptable, and should not be placed upon the unsuspecting ordinary user/consumer.

28. Defendants warranted, promoted, and represented to consumers and Plaintiff, that the Product was, inter alia:

(a)"safe";

(b) "Clean flames: enjoy the cozy atmosphere of a real fire with no ash, soot or smoke, it is friendly to people who live in city apartments and also want to enjoy the flames";

(c) "Multi-Use:… this portable tabletop fire pit is suitable for outdoor camping and indoor parties… or other romantic occasions" and "Great Décor Choice for… Balcony";

(d) "Long-Lasting Fire: This mini tabletop fireplace has a maximum burn time of over 12 hour, depending on the amount of fuel added (up to 220 ml) Contains ceramic wool inside to help retain heat and extend the burn time;

(e) "Premium Quality: made of sturdy and safe 304 stainless steel… for long term use";

(f) "Warm Notice: No fuel included in the package.  The tabletop fire pit bowl runs on rubbing alcohol isopropyl or bioethanol fuel which is affordable and easy to find";

(g) "Suitable for Indoor Great Décor Choice for: living room, dining room, Korniful Portable Tabletop Fire Pit Indoor/Outdoor… home, patio, balcony…"

29. Despite knowledge of inherent safety hazards with the Product, and the findings by Canada Health (2019, 2021) and U.S. CPSC (December 2024), Defendant Amazon, in conscious disregard and/or reckless indifference to the safety, interests and right of consumers:

(a) failed to ever timely warn or instruct Plaintiff as to the inherent dangers of the flame jetting with normal/foreseeable use of said Product;

(b) recklessly continued to warrant, sponsor, distribute, and sell the Product without a safe fuel/refuel delivery mechanism and/or appropriate flame mitigation device, calling for users to use liquid isopropyl alcohol as fuel, and

(c) failed to warn Plaintiff prior to May 3, 2025, thereby sufficient for punitive damages.

30. On July 4, 2025, nearly 6 years after the 2019 Canada Safety Directorate; 6 ½ months after the December 2024 U.S. CPSC findings; and, two months after this Incident in which Plaintiff was severely burned, Defendant Amazon belatedly, for the first time, sent a notice to Plaintiff via email that: "We are contacting you about the following tabletop fire pit... that you purchased on Amazon.com... Warning.  These products can pose the risk of serious fire and burn injuries, including death, associated with flame jetting that may arise from the use of certain pourable fuels.  If you still have this product, we urge you to stop using it immediately...".

31. Pursuant to 13 Pa. C.S. §§ 2313, 2314, 2315, Defendant Amazon breached its express warranties of merchantability contrary to Defendant Amazon's representations and warranties as to said product's fitness for the purposes for which the product was sold and intended to be used.

32. As a direct and/or proximate result of the negligence, breaches of warranty, defective product of Defendants, jointly and/or severally, Plaintiff Danielle Allen sustained severe personal injuries to her body, including:  severe third-degree burns to her left leg/foot with prominent disfigurement and permanent scarring; second-degree burns to her abdomen/stomach and right arm, with disfigurement and permanent scarring; neuropathic/nerve pain; periods of antalgic gait; open wound sores; erythema; pain; period of disability; permanent disfigurement;

emotional distress; interference with activities of daily living; loss of life's enjoyment; embarrassment; humiliation; economic losses; damages, all to her detriment and loss.

33. As a direct and/or proximate result of Defendants' negligence, breaches of warranty, defective product, jointly and/or severally, Plaintiff:

(a) has been, and may in the future be, prevented from attending to her usual/customary duties, responsibilities, interests, vocations and avocations, with economic loss, loss of earnings;

(b) has been and will continue to have medical procedures and treatments, with risks, hazards, pain, suffering, humiliation, embarrassment and economic loss; and

(c) has/will be required to expend money for medicines and medical care, to treat these injuries.

**COUNT I - STRICT LIABILITY - § 402 (A) RESTATEMENT (SECOND) OF TORTS**
**Plaintiff Danielle Allen v. Defendant Amazon.com, Inc, d/b/a Amazon**

34. The foregoing paragraphs of this Complaint are hereby incorporated herein.

35.  At all times relevant, Defendant Amazon, and/or through its authorized agents or employees, was engaged in the business of designing, warranting, distributing, selling and/or introducing into the stream-of-commerce the Korniful Portable Tabletop Firepit Product so as to reach users such as Danielle Allen without substantial change from its condition at time of manufacture, distribution and/or sale.

36. Plaintiff's injuries and damages are a direct/proximate result of Defendant defectively manufacturing, designing, warranting, testing, selling, and/or distributing the Product as follows:

a) designing, building, selling and/or distributing the Product in a defective condition;

b) designing, testing, building, sponsoring, selling and/or distributing the Product which possesses a hidden flame jetting explosion defect during normal and/or foreseeable use while refueling which Defendant knew or should have known was a hidden hazard to users;

c) failure to design, test, sell, distribute the Product to withstand foreseeable use/misuse;

d) failing to sell the Product with any suitable flame mitigation device or any safe fuel delivery mechanism;

e) failing to design, test, construct, assemble, sponsor, sell and/or distribute said Product with sufficient redundancy, durability and/or homogeneous material to eliminate the risk and/or prevent sudden flame jetting during normal and/or foreseeable use of refueling;

f) designing, testing, building, promoting, sponsoring, selling and/or distributing an unreasonably dangerous Product to be fueled or refueled with, liquid isopropyl alcohol, despite inherent hidden dangers of flame jetting which Defendant knew or should have known;

g) failing to provide any adequate warnings or instructions with said Product;

h) failing to improve the design, retrofit, recall or timely notify/warn/instruct users of the hidden dangers of the Product including flame jetting during refueling, calling for use of liquid isopropyl alcohol for fuel despite said hidden dangers, proclivity to explode during use, lack of any safe fuel delivery mechanism; and/or remedy the defect, prior to May 3, 2025;

i) failure to adequately investigate, document, or report substantially similar injuries with the Product, including proclivity to malfunction/explode during normal, foreseeable use/misuse;

j) failure to correct a known, inherent defect/malfunction hazard of said Product;

k) Despite Defendant knowing/should have known of the Canada Safety Directorates and the  U.S. CPSC findings:  recklessly continuing to warrant, sponsor distribute, misrepresent, and sell said Product without any safe fuel/refuel delivery mechanism or any appropriate flame mitigation device, calling for users to use liquid isopropyl alcohol as fuel, and failing to warn purchaser Plaintiff at any time prior to May 3, 2025, in conscious disregard and/or reckless indifference to the safety, interests and right of consumers, including Plaintiff;

l) violation of the Consumer Product Safety Act, 15 U.S.C. §§ 2052 et seq.;

m) failing to conform the Incident Product to STM F336319 et seq.

37. Where Defendant Amazon knew or should have known that the Product possessed a hidden danger for sudden flame jetting/exploding during refueling and Defendant continued to sell, distribute, warrant, and sponsor, to unsuspecting consumers, said Product without correcting, remedying or fixing the hidden danger for sudden flame jetting/exploding; Defendant Amazon knew and/or had reason to know, of facts which created a high degree of risk of physical harm to others, and proceeded to act in conscious disregard and/or reckless indifference to that risk, and is sufficient to warrant punitive damages.

38. The above-referenced actions by Defendant Amazon were reckless, outrageous, egregious and or wanton, and said actions justify an award of punitive damages.

WHEREFORE, Plaintiff Danielle Allen hereby demands judgment in her favor and against Defendant Amazon.com, Inc. doing business as Amazon, individually, and/or jointly and severally, in an amount in excess of $150,000.00, plus interest, costs, punitive damages.

## <u>COUNT II-NEGLIGENCE</u>
**Plaintiff Danielle Allen v. Defendant Amazon.com, Inc. d/b/a Amazon**

39. The foregoing paragraphs are incorporated by reference herein.

40. Defendant Amazon had a duty, and failed in such duty, to use ordinary care and diligence to design, assemble, test, warrant, distribute, and/or sell the Korniful Portable Tabletop Firepit Product so as to be reasonably safe for foreseeable and intended uses, and foreseeable misuses, and free from hazardous conditions and dangers to users including Plaintiff.

41. The negligence of Defendant Amazon, consisted of acts, commissions, omissions:

a) failure to use ordinary care in design, warranty, sale, distribution of the Product;

b) failing to provide warnings as to the dangers and consequences of the hidden danger of explosion/flame jetting/malfunction of said Product;

c) failing to design, warrant, test, build, assemble, sponsor, sell and/or distribute said Product to withstand foreseeable/normal use as warranted by Defendant Amazon;

d) failing to design, test, build, sell, sponsor and/or distribute the Product with sufficient redundancy, durability and/or homogeneous material so as to eliminate the risk of injury and/or prevent defects and/or malfunction including due to flame jetting/explosion during refueling;

e) failing to assess, diagnose and remedy flame jetting hidden danger/malfunction problems and/or defects in light of prior failures and/or Health Canada and US CPSC reports;

f) failing to provide any adequate instructions or warnings with said Product;

g) failing to improve the design, retrofit, recall, or timely notify users of the hidden danger of the Product including flame jetting, calling for use of liquid isopropyl alcohol for fuel despite said hidden dangers, proclivity to explode, lack of any safe fuel delivery mechanism; and/or remedy the defect, prior to May 3, 2025;

h) failing to follow accepted safety standards in planning, designing, testing, building, sponsoring, selling and/or distributing the Product;

 i) failure to maintain adequate safety records and safety checks for and of known, substantially similar injuries with the use of portable firepits and specifically the Product;

j) failure to correct a known, inherent defect/malfunction hazard of said Product;

k) Despite knowing/should have known of the Canada Health Safety Directorates; and, U.S. CPSC findings:  negligently, recklessly, and/or grossly negligently, continuing to warrant, distribute, sell said Product without any safe fuel delivery mechanism or any appropriate flame mitigation device, calling for users to use liquid isopropyl alcohol as fuel, and/or failing to warn

Plaintiff at any time prior to May 3, 2025, in conscious disregard and/or reckless indifference to the safety, interests and right of consumers, including Plaintiff; and

l) violation of 15 U.S.C. §§ 2052 et seq, and/or failing to conform to STM F336319.

42. Defendant Amazon failed to take proper action to anticipate or remedy the type and magnitude, of the risk posed by the sale and use of the Product without proper safety features.

43. Defendant Amazon knew or should have known the Product possessed a hidden defect for sudden flame jetting/exploding during refueling and Defendant continued to sell, distribute, warrant, sponsor, the Product to unsuspecting consumers and users without warning, correcting, or fixing said defect; and Defendant Amazon thereby knew and/or had reason to know, of facts which created high degree of risk of physical harm to use, and proceeded to act in conscious disregard and/or reckless indifference to that risk, warranting punitive damages.

44. The above-referenced actions by Defendant Amazon were reckless, outrageous, egregious and or wanton, and said actions justify punitive damages.

WHEREFORE, Plaintiff Danielle Allen hereby demands judgment in her favor and against Defendant Amazon.com, Inc. doing business as Amazon, individually, and/or jointly and severally, in an amount in excess of $150,000.00, plus interest, costs, punitive damages.

## COUNT III - STRICT LIABILITY - § 402 (A) RESTATEMENT (SECOND) OF TORTS
### Plaintiff Danielle Allen v. Shenzhen Korniful S&T Co. Ltd. D/b/a Korniful

45. The foregoing paragraphs are incorporated by reference as if fully set forth herein.

46. Defendant Korniful has been and is regularly engaged in the manufacture, design, distribution, sale or introduction into stream-of-commerce the Product so as to reach users and Danielle Allen without substantial change from its condition at time of manufacture and sale.

47. Plaintiff's injuries, damages, losses were a proximate result of Defendant Korniful:

a) manufacturing, designing, testing, selling, distributing the Product with a defect;

b) manufacturing, designing, testing, assembling, sponsoring, selling and/or distributing said Product which possesses an inherent flame jetting hazard during normal and/or foreseeable use while refueling which Defendant knew or should have known was a hidden hazard to users;

c) fail to manufacture, design, or test the Product to withstand foreseeable use /misuse;

d) failing to manufacture, design, test, assemble, sell said Product with any suitable flame mitigation device or any safe fuel delivery mechanism;

e) failing to manufacture, design, test, sell said Product with sufficient redundancy and/or durability to eliminate the risk or prevent sudden flame jetting during normal or foreseeable use;

f) manufacturing, designing, testing, assembling, selling and/or distributing an unreasonably dangerous Product to be fueled and refueled with liquid isopropyl alcohol, despite inherent hidden dangers/flame jetting of which Defendant knew or should have known;

g) failing to provide any adequate warnings or instructions, particularly as to hidden dangers/consequences of flame jetting during fueling/refueling with liquid isopropyl alcohol;

h) failing to improve the design, retrofit, recall or otherwise timely notify users of the hidden danger of Product including fire hazards, flame jetting during refueling, calling for use of liquid isopropyl alcohol for fuel despite said hidden dangers, proclivity to explode, and/or lack of safe fuel delivery mechanism; and/or remedy the defect, prior to May 3, 2025;

i) failure to follow safety standards in design and manufacture; and, failure to maintain adequate safety records or checks for substantially similar injuries with use of portable firepits and the Product, including malfunction or flame jetting during normal, foreseeable use/misuse;

j) failure to correct a known, inherent defect/malfunction hazard of said Product;

k) despite Defendant knowing/should have known of the aforesaid government findings: recklessly continuing to warrant, sponsor, distribute, sell  the Product without safe fuel delivery mechanism or appropriate flame mitigation device, calling for liquid isopropyl alcohol as fuel, and failing to warn Plaintiff prior to May 3, 2025, in conscious disregard and/or reckless indifference to the safety, interests and right of consumers, including Plaintiff; and

l) violation of 15 U.S.C. §§ 2052 et seq. and STM F336319 et seq.

48.  Defendant Korniful knew or should have known the Product possessed a hidden danger for sudden flame jetting during fueling and continued to manufacture, distribute, promote, and sell, to unsuspecting consumers, said Product without fixing said hidden danger; thus it knew or had reason to know, of facts which created a high risk of physical harm to others, and proceeded to act in conscious disregard and/or reckless indifference to that risk.

49. The above-referenced actions by Defendant Korniful were reckless, outrageous, egregious and or wanton, and said actions justify punitive damages against Defendant.

WHEREFORE, Plaintiff demands judgment in her favor against Shenzhen Korniful, jointly/severally, in an amount in excess of $150,000.00, plus interest, costs, punitive damages.

**<u>COUNT IV -NEGLIGENCE</u>**
**Plaintiff Danielle Allen v. Shenzhen Korniful S&T Co. Ltd. d/b/a Korniful**

50.  The foregoing paragraphs are incorporated by reference herein.

51. Defendant Korniful failed its duty to use ordinary care and diligence to design, build, assemble, test, warrant, distribute, or sell the Product reasonably safe for foreseeable intended uses, foreseeable misuses, and free from defects and dangers to users including Plaintiff.

52.  Defendant Korniful's negligence consisted of acts, commissions, and/or omissions:

a)  failing to use ordinary care in manufacture, distribution, sale of the Product;

b)  failing to design, manufacture, warrant, test, assemble, sell, distribute said Product so as to eliminate defect, malfunction or flame jetting during normal/foreseeable uses;

c)  failing to manufacture, design, test, sell, distribute the Product with sufficient redundancy or durability to eliminate the risk, defect, or malfunction, including flame jetting;

d) failing to provide any adequate warnings or instructions with the Product;

e) failing to improve design, retrofit, recall or timely warn/instruct users of the hidden defects of Product including flame jetting during fueling, calling for use of liquid isopropyl alcohol for fuel, proclivity to explode during normal/foreseeable use or misuse, lack of safe fuel delivery mechanism; or remedy the defect, prior to May 3, 2025;

 f) failure to follow or maintain safety standards, records and safety checks for substantially similar injuries with portable firepits and the Product, including flame jetting;

g) failure to correct a known, inherent defect/malfunction hazard of the Product;

h) Negligently, recklessly, or grossly negligently, continuing to manufacture, distribute, sell the Product: without a safe fuel delivery mechanism or appropriate flame mitigation device, calling for liquid isopropyl alcohol as fuel, and failing to warn Plaintiff prior to May 3, 2025, in conscious disregard or reckless indifference to the safety of consumers and Plaintiff; and

i) violation of 15 U.S.C. §§ 2052 et seq.  and STM F336319 et seq

53. Defendant Korniful failed to take proper action to anticipate or remedy the type, and magnitude, of the risk posed by the sale and use of the Product without proper safety features and/or without proper safe fuel delivery mechanism and/or flame mitigation device.

54. Defendant Korniful knew or should have known the Product had a hidden defect for sudden flame jetting during fueling and continued to manufacture, distribute, sell the Product to unsuspecting consumers, without correcting said hidden danger; and thereby, Defendant

knew/had reason to know, of facts which created a high degree of risk of physical harm to others, and proceeded to act in conscious disregard and/or reckless indifference to that risk.

55. The above-referenced actions by Defendant Korniful were reckless, outrageous, egregious and or wanton, and said actions justify punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor against Shenzhen Korniful, jointly/severally, in an amount in excess of $150,000.00, plus interest, costs, punitive damages.

WOLPERT SCHREIBER MCDONNELL P.C.

Dated: 10/1/2025                BY:    _____

Attorneys for Plaintiff Danielle Allen
BY: David E. Schreiber, Esquire;
Attorney I.D.#72907
527 Main Street, Royersford, PA  19468
(610) 792-3304; Email: david@wsm.law

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff requests a trial by jury on all appropriate claims for relief as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Wolpert Schreiber McDonnell P.C.

Dated: 10/1/2025            _____

BY: David E. Schreiber, Esquire
Attorney I.D.#72907
Attorneys for Plaintiffs
(610) 792-3304 | Email: david@wsm.law